Prob 12C
(Rev. 3/95 D/HI)

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 7 2005

at ___o'clock and ___min.___M
SUE BEITIA, CLERK

U.S.A. vs. ANTHONY E. WILLIAMS          Docket No. CR 03-00437SOM-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ANTHONY E. WILLIAMS, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 6th day of July 2004, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office;

2. That the defendant is prohibited from possessing any illegal or dangerous weapons;

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1. On 3/26/2005 and 3/30/2005, the subject refused to comply with drug testing imposed as a condition of supervised release, in violation of the General Condition and Special Condition No. 1.

Prob 12C
(Rev. 3/95 D/HI)

2

2. On 2/16/2005 and 10/18/2005, the subject provided urine specimens that tested positive for methamphetamine, and on 9/8/2005, the subject admitted that he unlawfully used methamphetamine on 9/4/2005, in violation of the General Condition and Standard Condition No. 7.

3. On 2/13/2005 and 9/4/2005, the subject associated with a person engaged in criminal activity, in violation of Standard Condition No. 9.

4. On 2/13/2005 and 9/4/2005, the subject failed to follow instructions of the Probation Officer by consuming alcohol while participating in a substance abuse program, in violation of Standard Condition No. 3.

5. On 10/20/2005, the subject failed to participate in a substance abuse program, in violation of Special Condition No. 1.

6. On 3/22/2005, the subject failed to participate in a mental health program, in violation of Special Condition No. 4.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on *4th day of November 2005*

*Martin Romualdez*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*Timothy M.*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 4th day of November, 2005, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **WILLIAMS, Anthony E.**
      **Criminal No. CR 03-00437SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject was convicted of the offense of Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5845(a) and 5861(d), a Class C felony. On 7/6/2004, he was sentenced to 19 months imprisonment, to be followed by a three-year term of supervised release.

On 2/9/2005, the subject commenced his term of supervision. On the same date, this officer reviewed all supervision conditions with the subject. The subject acknowledged understanding all of the conditions and requirements, including the prohibition against the use of a controlled substance, the prohibition against associating with individuals engaged in criminal activity, and the requirement to follow the instructions of the probation officer. In addition, the subject was referred to Hina Mauka in order to participate in the federal drug aftercare program. Moreover, he was instructed not to consume any alcohol during his period of participation in substance abuse treatment.

**Violation No. 1 - Refusal to Comply With Drug Testing:** On 3/26/2005, the subject failed to appear for drug testing at Hina Mauka. When questioned, the subject explained that he had overslept because of his extra shift at work and missed the drug testing time period. The subject was verbally reprimanded and his drug testing period was extended. In addition, this officer made it clear that the subject's employment would not be allowed to interfere with his treatment program.

On 3/30/2005, the subject failed to appear for drug testing at Hina Mauka. When questioned, the subject stated that he had forgotten about his drug testing because he had been so focused on his mental health treatment. A Letter of Reprimand was issued against the subject. In addition, he was told that further violations would result in sanctions of increasing severity, including possible revocation of his supervised release. He was also instructed to maintain a drug testing calendar that would allow him to keep track of his drug testing appointments.

The drug testing protocol was explained to the subject when he was initially referred to Hina Mauka on 2/9/2005 at the commencement of his supervision term. He acknowledged that he fully understood the requirements of the treatment program, including drug testing. Given that the subject was oriented to the program and submitted to drug testing at Hina Mauka on numerous occasions, his failure to submit to drug testing on the above-referenced dates constitutes a refusal to comply with drug testing.

Re: **WILLIAMS, Anthony E.**
**Criminal No. CR 03-00437SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

It should also be noted that on the above-cited dates, the subject was participating in substance abuse counseling and the random drug tests with which the subject refused to comply were being administered in the context of a treatment program. As a result, the holding in U.S. v. Stephens does not apply to the above-cited drug tests.

**Violation Nos. 2, 3, and 4 - Positive Urine Specimens and Admission to Substance Abuse; Association With Person Engaged in Criminal Activity; and Failure to Follow Instructions:** On 2/16/2005, the subject provided a urine specimen at Hina Mauka that tested positive for methamphetamine. When questioned, the subject initially denied having used any illicit substance. However, upon further questioning, the subject eventually admitted that on 2/13/2005, he visited a friend and took approximately 5 hits of methamphetamine. He also admitted that he drank approximately 8 beers during his visit.

The subject was immediately reprimanded for violating his conditions of supervision. In addition, his conditions were reviewed with him once again and he was warned that further violations would result in harsher penalties, including the possibility of revocation and incarceration. As an additional sanction, on 2/17/2005, the subject was placed into the most stringent random drug-testing phase available (6 random tests per month).

On 9/7/2005, the subject provided a urine specimen at Hina Mauka that tested presumptively positive for methamphetamine. When questioned, the subject immediately admitted that he had used methamphetamine on the evening of 9/4/2005. He explained that he had gone to a friend's house on 9/4/2005 in order to attend a party, in which a number of people were using illegal drugs. The subject began consuming alcohol and later took "two hits" of methamphetamine. He expressed remorse for his actions. It should be noted that the laboratory test results for this urine specimen were negative for the presence of an illicit substance. However, it should also be understood that the laboratory test only confirms the presence of an illicit substance that is above a certain level. In other words, a negative result does not necessarily preclude the presence of an illegal substance but may simply indicate that an illegal substance, while present, does not rise to the requisite level.

On 9/8/2005, the subject agreed to modify his conditions of supervision in order to include a prohibition against the possession and consumption of alcohol, community service, and a special search condition. He also agreed to participate in additional individual substance abuse counseling sessions in order to address his relapse. However, the subject committed new violations before the proposed modifications were presented to the Court for approval.

Re: **WILLIAMS, Anthony E.**
**Criminal No. CR 03-00437SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**

On 10/18/2005, the subject provided a urine specimen at Hina Mauka that tested presumptively positive for methamphetamine. When questioned, the subject vehemently denied having used any illicit substance. This officer informed the subject that if he did not admit to drug use, then substance abuse treatment would no longer be an option and he would be required to appear before the Court. This officer gave the subject several opportunities to admit to his drug use in order to allow the pursuit of an appropriate treatment program, including residential treatment, but the subject maintained that he had not used any illicit substance. The subject was informed that the specimen would be forwarded to a laboratory for further testing. Furthermore, this officer indicated that if the laboratory test result confirmed the presence of an illicit substance, the subject would not be given another opportunity to admit his drug use but would be taken back to Court. The subject continued to deny having used any illicit substance.

On 10/27/2005, this officer received the laboratory test results for the urine specimen collected on 10/18/2005. The tests confirmed the presence of methamphetamine.

**Violation No. 5 - Failure to Participate in Substance Abuse Program:** On 10/20/2005, the subject failed to report for an individual counseling session at Hina Mauka. On the same date, the subject's substance abuse counselor informed this officer that the subject had indicated that he was not going to report for his counseling session because he had "used" and was waiting to be arrested.

**Violation No. 6 - Failure to Participate in Mental Health Program:** On 3/22/2005, the subject failed to appear at a mental health counseling session at Forensic Behavioral Sciences, Inc. (FBSI). When questioned, the subject stated that he did not need such counseling. The subject was verbally reprimanded and the process of receiving a clinical discharge from mental health treatment was explained to the subject. This officer then scheduled an appointment for the subject at FBSI. The subject satisfied his mental health treatment condition on 6/29/2005.

Based on the above-cited violations, we request that the Court issue a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. There are numerous indicators that the subject poses an unacceptable risk to the community. As an initial matter, the offense conduct and relevant circumstances in the instant case reveal the subject's dangerous inclinations, as an unregistered semi-automatic firearm, methamphetamine and drug paraphernalia were found in the subject's bedroom. Given the disturbing effects of methamphetamine on an individual's behavior and the subject's proven ability to acquire firearms, the subject's recent positive drug test on 10/18/2005 and his refusal to participate in substance abuse

Re: **WILLIAMS, Anthony E.**
**Criminal No. CR 03-00437SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

treatment raise serious concerns regarding the subject's state of mind. At best, the subject is no longer willing to address his addiction in a positive manner. At worst, the subject's own criminal history suggests that his condition may deteriorate even further and he may return to a criminal lifestyle. The Court should recall that between 1983 and 2003, the subject was convicted of Promoting a Detrimental Drug in the Second Degree and Promoting a Detrimental Drug in the Third Degree. During the same period, he was arrested for Promoting a Detrimental Drug in the Third Degree, Abuse of Household Member, Robbery in the Second Degree, Promoting a Dangerous Drug, Prohibited Acts Related to Drug Paraphernalia, and Criminal Contempt of Court. This criminal history suggests that the subject has not only an extensive history of illegal drug trafficking involvement but also a notable history of violent behavior.

Respectfully submitted by,

*/s/ Martin Romualdez*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*/s/ Timothy M. Jenkins*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JMR/dck

Re:   **WILLIAMS, Anthony E.**
**Criminal No. CR 03-00437SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
STATEMENT OF FACTS - Page 5

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.

That the defendant is prohibited from the possession and/or use of alcohol.

That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF HAWAII

To: ANTHONY E. WILLIAMS  Docket No. CR 03-00437SOM-01
Address:
Wahiawa, Hawaii

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 3 years commencing 2/9/2005.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.
(2) The defendant is prohibited from possessing any illegal or dangerous weapons.
(3) The defendant shall provide the Probation Office access to any requested financial information.
(4) The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  02-09-05
ANTHONY E. WILLIAMS, Defendant          Date

_____  2/9/05
J. MARTIN ROMUALDEZ                      Date
U.S. Probation Officer