Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 7 2008

at 4 o'clock and 00 min. P M
SUE BEITIA, CLERK

## <u>SEALED BY ORDER OF THE COURT</u>

### United States District Court

#### for the

#### DISTRICT OF HAWAII

U.S.A. vs. <u>ANTHONY E. WILLIAMS</u>                Docket No. <u>CR 03-00437SOM-01</u>

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW JONATHAN K. SKEDELESKI, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ANTHONY E. WILLIAMS, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 6th day of July 2004, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office;

2.  That the defendant is prohibited from possessing any illegal or dangerous weapons;

3.  That the defendant provide the Probation Office access to any requested financial information.

4.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

On 12/6/2005, the defendant appeared before the Court due to his noncompliance and methamphetamine abuse. As a result, the Court modified the conditions of supervised release by imposing the following special condition:

5.  That the defendant participate in the Salvation Army Adult Rehabilitation Center residential treatment program until clinically discharged.

On 4/10/2006, the Court reconvened for a scheduled status hearing and revoked supervised released. The Court imposed a sentence of Time Served followed by thirty five (35) months of supervised release with the following special conditions:

1.  That the defendant shall participate in a substance abuse treatment program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol



SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 3/95 D/HI)

2

while participating in substance abuse treatment. The defendant to complete the Salvation Army Adult Rehabilitation Center Program.

2.   That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

3.   That the defendant shall not purchase, possess or consume alcohol, and shall submit to no more than eight valid alcohol tests per month during the term of supervision, unless there is a positive alcohol test, in which event the maximum shall increase to up to one valid alcohol test per day.

4.   That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1.   On 2/5/2008 and 2/7/2008, the subject admitted using methamphetamine, in violation of the General Condition and Standard Condition No. 7.

2.   On 2/5/2008 and 2/7/2008, the subject failed to answer truthfully inquiries of the probation officer, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    2/7/2008

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 7th day of February, 2008, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **WILLIAMS, Anthony E.**
       **Criminal No. CR 03-00437SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**


### STATEMENT OF FACTS

The subject was convicted of the offense of Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5845(a) and 5861(d), a Class C felony. On 7/6/2004, he was sentenced to nineteen (19) months imprisonment, to be followed by three (3) years of supervised release. On 2/9/2005, the subject's initial term of supervised release commenced.

During the initial term of supervision, the subject was noncompliant and reverted to drug abuse. Specifically, he abused methamphetamine on several occasions, refused to comply with drug testing, and failed to participate in substance abuse treatment. As a result, the Court issued a No Bail warrant and the subject appeared before the Court on 11/22/2005. As Your Honor may recall, the Court provided the subject an opportunity to seek placement in a long-term residential substance abuse treatment program. As a result, the revocation hearing was continued to 12/6/2005. On 12/6/2005, the subject was accepted into the Salvation Army Adult Rehabilitation Center (SAARC), a 6-month residential substance abuse program. Based on his acceptance into SAARC, the Court ordered that the subject be immediately released to the program. A status hearing was set on 4/10/2006.

On 4/10/2006, the subject appeared before the Court. At the time, the subject was progressing in SAARC and appeared to be stable. Therefore, the Court addressed the aforementioned violations of supervised release by ordering a sentence of Time Served followed by thirty-five (35) months of supervised release. The Court ordered that the term of supervised release commence on 12/6/2005 (the day the subject was released from custody and entered SAARC). On 12/13/2006, the subject successfully completed SAARC and received a clinical discharge.

During the second term of supervision, the subject successfully completed the most intensive substance abuse treatment (residential), and until recently, appeared to be drug-free. However, the subject recently admitted to abusing methamphetamine on several occasions and was untruthful about the severity of his drug addition. Therefore, the subject's continued drug abuse warrants immediate Court intervention.

**Violation No. 1 - On 2/5/2008 and 2/7/2008, the Subject Admitted Using Methamphetamine; and Violation No. 2 - On 2/5/2008 and 2/7/2008, the Subject Failed to Answer Truthfully Inquiries of the Probation Officer:** On 2/5/2008, this officer conducted an unannounced home inspection at the subject's residence. While at his residence, the subject submitted to a drug test that tested presumptive positive for methamphetamine. He stated that he purchased a quantity of "ice" from someone near his house on 2/3/2008 and smoked it thereafter. The subject stated that it was an isolated

Re:  **WILLIAMS, Anthony E.**
     **Criminal No. CR 03-00437SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 2**

incident and denied that his noticeable weight loss of approximately twenty pounds was from abusing drugs. He promised that his drug use on 2/3/2008 was the only time since his last appearance before the Court on 4/10/2006. Prior to leaving his residence, this officer instructed the subject to abstain from additional drug use and to report to the Probation Office on 2/7/2008. He was warned that he would submit to a drug test and that additional drug use could result in his return to Court.

On 2/7/2008, the subject reported to the Probation Office as instructed. Despite the aforementioned warning by this officer, the subject submitted a drug test that tested presumptive positive for methamphetamine. Initially, the subject adamantly denied using methamphetamine since his admitted use on 2/3/2008. However, after further questioning, he admitted that he smoked "ice" after this officer left his residence on 2/5/2008. He stated that he was stressed out and used methamphetamine to help him cope. Furthermore, the subject admitted that he abused methamphetamine on five (5) separate occasions since December 2007. He acknowledged that his weight loss was likely due in part to his illicit drug use.

During the interview on 2/7/2008, the subject apologized for being untruthful and stated that he lied because he was afraid of returning to prison. Despite his admitted drug abuse and untruthfulness to conceal his drug addition, the subject stated that he does not have a drug problem and is capable of stopping anytime. However, when he was questioned why he used methamphetamine on 2/5/2008 knowing he would submit to a drug test two (2) days later, the subject stated, "things are just hectic right now."

Given the subject's repeated use of methamphetamine, coupled with his untruthfulness to conceal the severity of his addition, he appears to pose a danger to himself and the community. In addition, the Court should recall that between 1983 and 2003, the subject was convicted of Promoting a Detrimental Drug in the Second Degree and Promoting a Detrimental Drug in the Third Degree. During the same period, he was arrested for Promoting a Detrimental Drug in the Third Degree, Abuse of Household Member, Robbery in the Second Degree, Promoting a Dangerous Drug, Prohibited Acts Related to Drug Paraphernalia, and Criminal Contempt of Court. Furthermore, the offense conduct and relevant circumstances in the instant case reveals the subject's dangerous inclinations, as an unregistered semi-automatic firearm, methamphetamine and drug paraphernalia were found in the subject's bedroom.

Re:     **WILLIAMS, Anthony E.**
        **Criminal No. CR 03-00437SOM-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 3**


        This criminal history suggests that the subject has not only an extensive history of illegal drug trafficking involvement but also a notable history of violent behavior.  In considering all the above stated factors, we respectfully recommend that the Court issue a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

                                    Respectfully submitted by,


                                    JONATHAN K. SKEDELESKI
                                    U.S. Probation Officer

Approved by:


TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JKS/tp

Re:   **WILLIAMS, Anthony E.**
      **Criminal No. CR 03-00437SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**


There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

PROB 7A
(Rev. 9/00, D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:      ANTHONY E. WILLIAMS                    Docket No.  CR 03-00437SOM-01


*aew*     Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway,  U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of 35 months commencing upon release from confinement.

*aew*     The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

*aew*     The defendant shall not commit another federal, state, or local crime.

*aew*     That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day. *I UNDERSTAND THAT CONTROLED SUBSTANCES INCLUDE: PRESCRIPTION MEDICATION THAT IS NOT MINE. aew*

☐     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)
*aew* ☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)
☐     The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)
☐     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer.  (Check, if applicable.)
☐     The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)


        If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment.  In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.


**It is the order of the Court that the defendant shall comply with the following standard conditions:**

*aew* (1)     The defendant shall not leave the judicial district without the permission of the court or probation officer; *I UNDERSTAND THAT I CANNOT LEAVE THE ISLAND OF OAHU WITHOUT PERMISSION OF MY PROBATION OFFICER. aew*

*aew* (2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

*aew* (3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; *I UNDERSTAND THAT IT is MY RESPONSIBILITY TO INSURE THAT my ASSOCIATES Do Not HAVE FELONY CONVICTIONS. AEW*

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Anthony E. Williams_          _06-21-06_
ANTHONY E. WILLIAMS, Defendant          Date

_Martin Romualdez_          _6·21·06_
J. MARTIN ROMUALDEZ          Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:    ANTHONY E. WILLIAMS
       Docket No. CR 03-00437SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1) That the defendant shall participate in a substance abuse treatment program, which may include drug and alcohol testing or residential treatment, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment. The defendant is to complete the Salvation Army Adult Rehabilitation Center Program. *I UNDERSTAND THAT THE salvation Army PROGRAM INCLUDES ANY AFTER CARE TREATMENT, etc.*

2) That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

3) That the defendant shall not possess, purchase or consume alcohol, and shall submit to no more than eight valid alcohol tests per month during the term of supervision, unless there is a positive alcohol test, in which event the maximum shall increase up to one valid alcohol test per day.

4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time an din a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____       06-21-06
         ANTHONY E. WILLIAMS, Defendant      Date

_____       6.21.06
J. MARTIN ROMUALDEZ            Date
U.S. Probation Officer